**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF WISCONSIN**

---

**NICOLE LABONTE,**

**Plaintiff,**

**v.** **Case No. 26-CV-1330**

**ASCENSUS, LLC, et al.,**

**Defendants.**

---

# ORDER

---

On August 3, 2026, the plaintiff, Nicole LaBonte, initiated this action against her former employer, Ascensus, LLC, and another entity, Persistent Systems Limited, USA Branch. LaBonte asserted several claims under both federal and state law relating to her employment and subsequent departure from Ascensus. On September 18, 2026, LaBonte filed three motions that are now before the Court: (1) a motion for service by the United States Marshals Service, (2) a motion for leave to file documents electronically, and (3) a motion to appoint or recruit counsel.

## I. Service by United States Marshals

LaBonte has moved the Court for an order under Federal Rule of Civil Procedure 4(c)(3) for an order directing the United States Marshals Service to serve the summons and the complaint on the defendants. (ECF No. 4.) Rule 4(c) authorizes courts, in their discretion, to order service by a United States marshal or a person

specially appointed by the court upon the plaintiff's request. Fed. R. Civ. P. 4(c); *Koger v. Bryan*, 523 F.3d 789, 803 (7th Cir. 2008). However, Congress requires the U.S. Marshals Service to charge a fee for making or attempting service. *Sills v. First Student, Inc.*, No. 25-CV-785, 2026 U.S. Dist. LEXIS 165083, at *2 (E.D. Wis. July 21, 2026) (citing 28 U.S.C. § 1921(a)). Congress does not allow the Court nor the U.S. Marshals Service to waive those fees. *Id*. The Court will exercise its discretion and grant LaBonte's request.

## II. Leave for Electronic Filing

LaBonte has moved for leave to file documents electronically. The Court will grant LaBonte's motion. *See* Fed. R. Civ. P. 5(d)(3)(B)(i); Electronic Case Filing Policies and Procedures Manual, Section I.A.1.

## III. Recruit Counsel

LaBonte has moved the Court to "appoint or recruit counsel" to represent her in this action. (ECF No. 6.) Unlike criminal defendants, civil litigants do not have a constitutional or statutory right to appointed counsel. *Pruitt v. Mote*, 503 F.3d 647, 656 (7th Cir. 2007) (citing *Jackson v. Cty. of McLean*, 953 F.2d 1070, 1071 (7th Cir. 1992)). While litigants have no right to counsel, in a Title VII case the court has the discretion to "appoint" an attorney "in such circumstances as the court may deem just." 42 U.S.C. § 2000e-5(f)(1). Since the Americans with Disabilities Act (ADA) incorporates the "powers, remedies, and procedures" set forth in 2000e-5, 42 U.S.C. § 12117(a), courts in the Seventh Circuit hold that the court may attempt to recruit an attorney in an ADA case as well. *Janik v. Walmart Inc.*, No. 22-CV- 4034, 2022

U.S. Dist. LEXIS 256684, at *11 (N.D. Ill. Nov. 7, 2022); *Adzogble v. Tyson Foods, Inc.*, No. 20-CV-4237, 2021 U.S. Dist. LEXIS 275269, at *1 n.1 (C.D. Ill. Nov. 9, 2021); *Brownlee v. Am. Elec. Power*, No. 11-CV-97, 2011 U.S. Dist. LEXIS 81428, at *1–2 (N.D. Ind. July 26, 2011). One of LaBonte's claims is for a violation of the ADA. (ECF No. 11, at 1.)

While 42 U.S.C. § 2000e-5(f)(1) authorizes a court to "appoint" an attorney, "the court does not have money to pay appointed lawyers to represent people" in such cases. *Baker v. Fleury*, No. 17-CV-650, 2018 U.S. Dist. LEXIS 17402, at *6 (E.D. Wis. Feb. 2, 2018). Instead, "the court relies on volunteer lawyers, and there are not nearly enough of those for everyone who asks." *Id.*

In determining whether the court should attempt to recruit a volunteer attorney to represent a plaintiff under 42 U.S.C. § 2000e-5(f)(1), the Seventh Circuit has instructed courts to consider "the merits of the plaintiff's claim, the plaintiff's diligence in attempting to obtain a lawyer, and the plaintiff's financial ability to retain counsel." *Darden v. Illinois Bell Tel. Co.*, 797 F.2d 497, 500–01 (7th Cir. 1986) (quoting *Jones v. WFYR Radio/RKO General*, 626 F.2d 576, 577 (7th Cir. 1980)). However, these factors are only guidelines; a court may "employ whatever procedure it finds most useful to make an informed decision." *Jones*, 626 F.2d at 578, *overruled on other grounds by Randle v. Victor Welding Supply Co.*, 664 F.2d 1064 (7th Cir. 1981). Courts in the Seventh Circuit generally apply the *Pruitt* factors in lieu of, or in addition to, the *Darden* factors. *Sherrill v. Potter*, 329 Fed. Appx. 672, 674-75 (7th Cir. 2009) (applying the *Pruitt* factors in a Title VII case); *Adzogble*, 2021 U.S. Dist.

LEXIS 275269, at *1 n.1; *Brownlee*, 2011 U.S. Dist. LEXIS 81428, at *3. Following this practice, courts may also consider (1) whether the plaintiff has made reasonable attempts to obtain counsel on her own or has been precluded from doing so and (2) whether, given the complexity of the case, the plaintiff is competent to litigate it herself. *Pruitt*, 503 F.3d at 653; *Sherrill*, 329 Fed. Appx. at 674–75.

The Court finds that LaBonte has made reasonable attempts to obtain counsel on her own. LaBonte represents that she has contacted several law firms but has been unable to obtain counsel thus far.

However, the record does not indicate that LaBonte is incapable of litigating this case herself. The complaint and motions filed by LaBonte demonstrate sufficient knowledge of the factual basis of her claims and familiarity with the relevant legal concepts to enable her to present her case. It may be true that a lawyer would do a better job of litigating this case, but that is true for every case with a pro se plaintiff. *Pruitt*, 503 F.3d at 655. The legal and factual difficulty of this case does not appear to exceed LaBonte's capacity to coherently present it herself. *Id*.

Moreover, LaBonte has not demonstrated an inability to pay for an attorney. LaBonte paid the filing fee in this case rather than moving to proceed *in forma pauperis*, and she has not presented any other information about her financial circumstances. Thus, the Court does not conclude that LaBonte is unable to afford counsel.

Under these circumstances, recruitment of a volunteer attorney under 42 U.S.C. § 2000e-5(f)(1) is not warranted.

**IT IS THEREFORE ORDERED** that

> The plaintiff's motion for an order directing service by the United States Marshals Service (ECF No. 4) is granted. The United States Marshals Service shall serve the summons and complaint on the defendants.
>
> The plaintiff's motion for leave to file documents electronically (ECF No. 5) is granted.
>
> The plaintiff's motion to appoint or recruit counsel (ECF No. 6) is denied.

Dated at Green Bay, Wisconsin this 29th day of September, 2026.

*s/ Byron B. Conway*
BYRON B. CONWAY
U.S. District Judge